**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| HANY SEFEEN, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:26-cv-00292-O |
| EQUIFAX INFORMATION SERVICES, | § | |
| LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES**

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant

to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint

and asserts its affirmative and other defenses as follows:

**PRELIMINARY STATEMENT**

Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in

the Complaint.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint,

Equifax responds as follows:

**INTRODUCTION**

**COMPLAINT ¶1:**

The computerization of our society has resulted in a revolutionary increase in the accumulation and processing of data concerning individual American consumers. Data technology, whether it is used by businesses, banks, the Internal Revenue Service or other institutions, allows information concerning individual consumers to flow instantaneously to requesting parties. Such timely information is intended to lead to faster and better decision-making by its recipients and, in theory, all of society should ultimately benefit from the resulting convenience and efficiency.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge

or information sufficient to form a belief regarding the allegations in this paragraph and, on that

basis, denies the allegations contained therein.

**COMPLAINT ¶2:**

Unfortunately; however, this information has also become readily available for, and susceptible to, mishandling and misuse. Individual consumers can, and do, sustain substantial damage, both economically and emotionally, when inaccurate or fraudulent information is disseminated and/or published about them. In fact, Defendant acknowledges this potential for misuse and resulting damage every time it sells its credit monitoring services to a consumer.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge

or information sufficient to form a belief regarding the allegations in this paragraph and, on that

basis, denies the allegations contained therein.

**COMPLAINT ¶3:**

The ongoing technological advances in the area of data processing have resulted in a boon for the companies that accumulate and sell data concerning individuals' credit histories and other personal information. Such companies are commonly known as consumer reporting agencies ("CRAs").

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge

or information sufficient to form a belief regarding the allegations in this paragraph and, on that

basis, denies the allegations contained therein.

**COMPLAINT ¶4:**

These CRAs sell information to readily paying subscribers (i.e., retailers, landlords, lenders, potential employers, and other similarly interested parties), commonly called "consumer reports," concerning individuals who may be applying for retail credit, housing, employment, refinancing, a car or mortgage loan or other forms of credit.

325467690v.1

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶5:**

Since 1970, when Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"), federal law has required CRAs to implement and utilize reasonable procedures "to assure maximum possible accuracy" of the personal, private, and financial information that they compile and sell about individual consumers.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶6:**

One of the primary purposes in requiring CRAs to assure "maximum possible accuracy" of consumer information is to ensure the stability of our banking system:

> The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system

*See* 15 U.S.C. § 1681(a)(1).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

325467690v.1

**COMPLAINT ¶7:**

The preservation of one's good name and reputation is also at the heart of the FCRA's purposes:

> [W]ith the trend toward computerization of billings and the establishment of all sorts of computerized data banks, the individual is in great danger of having her life and character reduced to impersonal "blips" and key-punch holes in a **stolid and unthinking machine which can literally ruin her reputation without cause, and make him unemployable or uninsurable, as well as deny him the opportunity to obtain a mortgage or buy a home**. We are not nearly as much concerned over the possible mistaken turn-down of a consumer for a luxury item as we are over the possible destruction of her good name without her knowledge and without reason. Shakespeare said, the loss of one's good name is beyond price and makes one poor indeed.

*Bryant v. TRW, Inc.*, 689 F.2d 72, 79 (6th Cir. 1982) (*quoting* 116 Cong. Rec. 36570 (1970)) (emphasis added).

**ANSWER:**

Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

**COMPLAINT ¶8:**

In light of these important findings and purposes, Congress specifically noted "a need to insure that [CRAs] exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy." *See* 15 U.S.C. 1681(a)(4).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶9:**

Plaintiff's Complaint arises out of Defendant's blatantly inaccurate credit reporting, wherein Defendant reported to Plaintiff's potential creditors that Plaintiff owed money on tradelines that Plaintiff is no longer legally responsible for.

325467690v.1

**ANSWER:**

Equifax admits that Plaintiff purports to make such allegations.  Equifax denies that it violated the FCRA or any other law, denies it is liable to Plaintiff, and denies any remaining allegations in this paragraph.

**COMPLAINT ¶10:**

Accordingly, Plaintiff brings claims against Defendant for failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports, in violation of the FCRA, 15 U.S.C. § 1681e(b).

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the FCRA, but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶11:**

As part of this action, Plaintiff seeks actual, statutory, and punitive damages, costs and attorneys' fees from Defendant for its willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*., as described herein.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**JURISDICTION AND VENUE**

**COMPLAINT ¶12:**

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

325467690v.1

**COMPLAINT ¶13:**

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant regularly transacts business within this District, is otherwise subject to personal jurisdiction in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

**COMPLAINT ¶14:**

Plaintiff is a natural person residing in North Richland Hills Texas, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff is a natural person and qualifies as a "consumer" under the FCRA.

**COMPLAINT ¶15:**

Defendant Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Upon information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties. Equifax's principal place of business is located at 1550 Peachtree Street NW, Atlanta, Georgia, 30309. Equifax can be served through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties.  Equifax further admits that it maintains its

-6-

principal address at 1550 Peachtree Street NW, Atlanta, Georgia 30309, and that it may be served

through its registered agent, Corporation Service Company. Equifax denies the remaining

allegations in this paragraph.

**COMPLAINT ¶16:**

Defendant regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties. Defendant regularly furnishes consumer reports to third parties for monetary compensation, fees, and other dues, using means and facilities of interstate commerce, and is therefore a "consumer reporting agency" ("CRA") as defined by 15 U.S.C. § 1681a(f) of the FCRA.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency"

under the FCRA as to those activities only and, at times, it engages in the business of assembling,

and disbursing consumer reports to third-parties for monetary compensation.  Equifax denies the

remaining allegations in this paragraph.

**COMPLAINT ¶17:**

During all times pertinent to this Complaint, Defendant was authorized to conduct business in the State of Georgia and conducted business in the State of Georgia on a routine and systematic basis.

**ANSWER:**

Equifax admits that it is registered to do business in the State of Georgia. Equifax denies

the remaining allegations in this paragraph.

**COMPLAINT ¶18:**

During all times pertinent to this Complaint, Defendant acted through authorized agents, employees, officers, directors, representatives, and/or insurers.

**ANSWER:**

Equifax admits that it conducts business through its employees and others.  Equifax denies

the remaining allegations in this paragraph.

325467690v.1

**COMPLAINT ¶19:**

Any violations by Defendant were not in good faith, were knowing, negligent, willful, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**FACTUAL BACKGROUND**
**Summary of the Fair Credit Reporting Act**

**COMPLAINT ¶20:**

The FCRA governs the conduct of consumer reporting agencies in an effort to preserve the integrity of the consumer banking system and to protect the rights of consumers to fairness and accuracy in the reporting of their credit information.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶21:**

The FCRA was designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. §1681(a).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

325467690v.1

**COMPLAINT ¶22:**

Specifically, the statute was intended to ensure that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." *See* 15 U.S.C. § 1681(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶23:**

To that end, the FCRA imposes the following twin duties on consumer reporting agencies: (i) consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports (15 U.S.C. 1681e(b)); and (ii) consumer reporting agencies must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies (15 U.S.C. §1681i).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶24:**

The FCRA provides consumers with a private right of action against consumer reporting agencies that willfully or negligently fail to comply with either or both of their statutory obligations under the FCRA.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes,

-9-

misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**Defendant's Processing of Credit Information**

**COMPLAINT ¶25:**

Defendant, one of the three major CRAs in the United States, regularly publishes and distributes credit information about Plaintiff and other consumers through the sale of consumer reports.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties for monetary compensation. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶26:**

Defendant's consumer reports generally contain the following information: (i) Header/Identifying Information: this section generally includes the consumer's name, current and prior addresses, date of birth, and phone numbers; (ii) Tradeline Information: this section pertains to consumer credit history, and includes the type of credit account, credit limit or loan amount, account balance, payment history, and status; (iii) Public Record Information: this section typically includes public record information, such as bankruptcy filings; and (iv) Credit Inquiries: this section lists every entity that has accessed the consumer's file through a "hard inquiry" (i.e., consumer-initiated activities, such as applications for credit cards, to rent an apartment, to open a deposit account, or for other services) or "soft inquiry" (i.e., user-initiated inquiries like prescreening).

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶27:**

Defendant obtains consumer information from various sources. Some consumer information is sent directly to Defendant, and other information must be independently gathered

325467690v.1

by Defendant, or acquired from third party providers, vendors or repositories, such as computerized reporting services like PACER or Lexis-Nexis.

**ANSWER:**

Equifax admits that, at times, it independently obtains consumer information from third-parties. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶28:**

Defendant also obtains information from other CRAs (who commonly share information).

**ANSWER:**

Equifax admits that, at times, it independently obtains consumer information from third-parties. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶29:**

Defendant regularly seeks out and procures consumer bankruptcy filing and discharge information on a daily basis with the intention of including it in the consumer reports Defendant sells to third parties for a profit.

**ANSWER:**

Equifax admits that, at times, it independently obtains public record information and that, at times, such information is included in consumer reports. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶30:**

The diligence Defendant exercises in uncovering and recording consumer bankruptcy filings is not replicated in Defendant's subsequent reporting of bankruptcy discharges and their effect on consumers' debts.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325467690v.1

**COMPLAINT ¶31:**

The majority of institutions that offer financial services (e.g., banks, creditors, lenders) rely upon consumer reports from CRAs (like Defendant) to make lending decisions. Those institutions also use FICO Scores, and other proprietary third-party algorithms (or "scoring" models), including debt-to-income ratios, to interpret the information in a consumer's consumer report, which is based on the amount of reported debt, payment history, date of delinquencies contained in Defendant's reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶32:**

The information Defendant includes in consumer reports contributes to a consumer's overall creditworthiness and determines his or her FICO Score.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶33:**

FICO and other third-party algorithms use variables or "attributes" derived from a consumer report to calculate a person's "credit score," which is a direct reflection of his or her creditworthiness.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶34:**

FICO Scores factor the following consumer report information: Payment history (35%); Amount of debt (30%); Length of credit history (15%); New credit (10%); and Credit mix (10%).

    a.    "Payment history" refers to whether a consumer has paid his or her bills in the past, and whether these payments have been timely, late, or missed. In factoring the severity of delinquent payments, a FICO Score considers how late the payment continues to be, how much is owed, how recently the delinquency occurred, and

-12-

how many delinquent accounts exist. The more severe, recent, and frequent late payments are, the lower a consumer's FICO Score will be.

b.  The "amount of debt" a consumer owes has a major impact on his or her credit score. When a CRA reports a debt as outstanding when it is in fact discharged, the CRA is indicating that a consumer's "amount of debt" is higher than it actually is, which will undoubtedly impact a consumer's credit score.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶35:**

Lenders also consider a consumer's debt-to-income ratio ("DTI") based on the total amount of debt reported by Defendant in its consumer reports. DTI compares the total amount a consumer owes to the total amount a consumer earns.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶36:**

A consumer's income, however, is not included in his or her consumer report; only his or her amount of debt is.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶37:**

Lenders consider a consumer's DTI when deciding whether to approve financing and the credit terms thereof.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325467690v.1

**COMPLAINT ¶38:**

The higher the amount of reported debt that a consumer has, or appears to have, the worse the consumer's DTI will be, and the more difficult it will be for a consumer to obtain credit and favorable credit terms (e.g., higher interest, lower credit limits).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶39:**

A consumer who has obtained a bankruptcy discharge and has a consumer report that is inaccurately reporting outstanding or past due balances after the bankruptcy discharge suffers greater harm than if that account was accurately reporting as having a zero-dollar balance.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶40:**

Defendant is well aware that the effect of a Discharge Order in a Chapter 7 Bankruptcy is that all statutorily dischargeable debts, other than those that have been reaffirmed or successfully challenged in an adversary proceeding court, are discharged; both such exceptions are rare and furthermore identified on the individual consumer's bankruptcy docket sheet.

**ANSWER:**

Equifax states that this paragraph contains legal conclusions not subject to admission or denial. If further response is required, Equifax states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COMPLAINT ¶41:**

Additionally, in or around 2009, Defendant implemented its own automated software "bankruptcy scrub" following the settlement agreement in *White v. Experian Info. Sols.*, No. SACV 05-1070 DOC (MLGx), (C.D. Cal. 2008).

-14-

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶42:**

The *White* settlement makes clear that the CRAs know or should know that pre-petition, unsecured consumer debts are typically discharged in Chapter 7 proceedings. *Benjamin v. Experian Info. Solutions*, 561 F. Supp. 3d 1330, 1340 (citing *Morris v. Experian Info. Sols*., 478 F. Supp. 3d at 769).

**ANSWER:**

Equifax states that the case referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the precedent referenced by this paragraph.

**COMPLAINT ¶43:**

Defendant's bankruptcy scrub software identifies pre-petition accounts and makes assumptions about which accounts were discharged through the Chapter 7 bankruptcy, even when the furnisher does not update the accounts as discharged.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶44:**

In other words, Defendant's automated bankruptcy scrub assumes Defendant's notice of a Chapter 7 discharge is in fact notice that a consumer's pre-petition accounts may be reporting inaccurately, and Defendant will overwrite data reported by a furnisher according to its assumptions and algorithms.

-15-

325467690v.1

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶45:**

However, Defendant has intentionally chosen to disregard knowingly inaccurate open balance and payment obligations of certain types of pre-bankruptcy accounts in Defendant's software programming of its automated "bankruptcy scrub" that it has been employing for well over a decade.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶46:**

Defendant also knows that it is rare for a pre-petition debt to be reaffirmed, or successfully challenged in an adversary proceeding.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶47:**

Further, Defendant knows that if reaffirmation agreements or adversary proceedings exist, they will be explicitly identified on an individual consumer's bankruptcy docket, as is required by bankruptcy law.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325467690v.1

**COMPLAINT ¶48:**

Additionally, information indicating that a specific debt has not been discharged, but instead was reaffirmed or successfully challenged through an adversary proceeding, is retrieved from the same sources from which Defendant independently obtains consumer bankruptcy case information.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge

or information sufficient to form a belief regarding the allegations in this paragraph and, on that

basis, denies the allegations contained therein.

**COMPLAINT ¶49:**

Defendant also receives information about account reaffirmations or other discharge exceptions directly from furnishers of account/tradeline information.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge

or information sufficient to form a belief regarding the allegations in this paragraph and, on that

basis, denies the allegations contained therein.

**COMPLAINT ¶50:**

However, Defendant regularly reports inaccurate information about consumers who have received a Discharge Order.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶51:**

Rather than follow reasonable procedures to assure maximum possible accuracy, as required by the FCRA, Defendant frequently reports information regarding pre-bankruptcy debts based on incomplete or knowingly inaccurate information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325467690v.1

**COMPLAINT ¶52:**

Defendant regularly publishes consumer information that conflicts with information: provided by data furnishers to Defendant, already included in Defendant's credit files, contained in public records that Defendant regularly accesses, and/or sourced through Defendant's independent and voluntary efforts.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶53:**

Defendant's unreasonable policies and procedures cause it to routinely report inaccurate and materially misleading information about consumers, including Plaintiff, who have been discharged from Chapter 7 Bankruptcy.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶54:**

Defendant routinely reports inaccurate, and materially misleading information about consumers like Plaintiff, without verifying or updating the information as required by § 1681e(b), despite possessing information inconsistent with the reported information that establishes the reported information is inaccurate.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶55:**

Defendant's unreasonable policies and procedures cause it to regularly report consumer information without verifying its accuracy.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶56:**

Defendant's unreasonable policies, procedures and/or algorithms consistently fail to identify and update pre-bankruptcy debts as required by § 1681e(b).

-18-

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶57:**

Defendant knows the information it reports about consumers' bankruptcies is often inconsistent with public records, furnished/reported information, and/or information contained in Defendant's own files.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶58:**

Consumers have filed thousands of lawsuits and FTC and Consumer Financial Protection Bureau complaints against Defendant for its inaccurate credit reporting following a Chapter 7 discharge.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶59:**

Thus, Defendant is on continued notice of its inadequate post-bankruptcy reporting procedures, which cause Defendant to report inaccurate balances, account statuses, payment histories, and/or payment statuses.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**Allegations Specific to the Credit Reporting of Plaintiff**

**COMPLAINT ¶60:**

Plaintiff filed a "no asset" Chapter 7 Bankruptcy on or about July 31, 2025, in the United States Bankruptcy Court for the Northern District of Texas (Case No. 25-42762-elm7).

-19-

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶61:**

Plaintiff received an Order of Discharge on or about November 5, 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶62:**

Thereafter, Plaintiff was not personally liable for his dischargeable debts and these debts have a $0 balance after the bankruptcy discharge.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶63:**

Defendant prepared one or more consumer reports concerning Plaintiff after Plaintiff was discharged from Chapter 7 Bankruptcy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶64:**

The allegations in this Complaint against Defendant are based on consumer disclosures obtained by Plaintiff beginning on January 5, 2026.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

-20-

325467690v.1

**COMPLAINT ¶65:**

Defendant reported Plaintiff's credit history in individual "tradelines," including names of credit accounts, account numbers, account types, responsibility for the account (i.e., individual or joint accounts), the date the accounts were opened, statuses, and the dates of the last status update.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶66:**

However, Defendant failed to report Plaintiff's consumer bankruptcy information in the Public Records section and/or in one or more individual tradelines of Plaintiff's consumer reports.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶67:**

Defendant is aware that CRAs are generally required to report accounts included in a consumer's Chapter 7 bankruptcy with a status of "discharged through bankruptcy," and with a zero-dollar balance, unless a furnisher provides information showing that a specific debt was excluded from the discharge.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶68:**

Defendant should have reported **all** of Plaintiff's dischargeable, pre-petition debts as included in or discharged in Chapter 7 Bankruptcy, and/or with a zero-dollar balance, but did not.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325467690v.1

**COMPLAINT ¶69:**

Instead, Defendant reported at least one account with an inaccurate account status, payment history, and/or outstanding balance.

**ANSWER:**

Equifax denies the allegations in this paragraph.

### Inaccuracies in Plaintiff's Consumer Report

**COMPLAINT ¶70:**

On or about January 5, 2025, Plaintiff obtained a copy of his Equifax credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶71:**

Upon review of his credit report, Plaintiff observed several inaccuracies.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶72:**

As a preliminary matter, Defendant did not indicate that Plaintiff had filed for bankruptcy and received a discharge.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶73:**

The name, social security number, and address in Plaintiff's Chapter 7 petition match the information listed on his Equifax consumer report.

325467690v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶74:**

Defendant failed to report Plaintiff's bankruptcy discharge even though Defendant had all the correct personal information for Plaintiff in its database which matched the personal information reported in Plaintiff's Chapter 7 petition (e.g., full name, social security number, address).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶75:**

Notably, non-parties Experian and Trans Union accurately reported Plaintiff's public record bankruptcy filing and discharge based on the same information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶76:**

Defendant knew or should have known that Plaintiff's bankruptcy was discharged.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶77:**

On Plaintiff's consumer disclosure dated January 5, 2026, Equifax inaccurately reported Plaintiff's Bank of America account, beginning with 4400*********** and opened in December 2019 (the " First BOA Account"), which pre-dated Plaintiff's bankruptcy filing.

**ANSWER:**

Equifax denies the allegations in this paragraph.

-23-

**COMPLAINT ¶78:**

The First BOA Account was discharged on or about November 5, 2025. Therefore, the First BOA Account should have been reported as discharged in bankruptcy and with a zero-dollar balance.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶79:**

However, Equifax inaccurately reported the First BOA Account with a status of "Charge Off," and with a balance of $10,868.00, instead of a zero-dollar balance.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶80:**

Additionally. Equifax inaccurately reported Plaintiff's Bank of America account, beginning with 4400************ and opened in March 2013 (the "Second BOA Account"), which pre-dated Plaintiff's bankruptcy filing.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶81:**

The Second BOA Account was discharged on or about November 5, 2025. Therefore, the Second BOA Account should have been reported as discharged in bankruptcy and with a zero-dollar balance.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶82:**

However, Equifax inaccurately reported the Second BOA Account with a status of "Charge Off," and with a balance of $6,110.00, instead of a zero-dollar balance.

-24-

325467690v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶83:**

Additionally, Equifax inaccurately reported Plaintiff's Bank of America account, beginning with 6501********** and opened in October 2022 (the "Third BOA Account"), which pre-dated Plaintiff's bankruptcy filing.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶84:**

The Third BOA Account was discharged on or about November 5, 2025. Therefore, the Third BOA Account should have been reported as discharged in bankruptcy and with a zero-dollar balance.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶85:**

However, Equifax inaccurately reported the Third BOA Account with a status of "Late Over 120 Days," and with a balance of $64,447.00.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶86:**

The First BOA Account, Second BOA Account, and Third BOA Account (collectively, the "Accounts"), were pre-bankruptcy debts that should have been reported as included in/discharged by bankruptcy *and* with zero-dollar balances

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325467690v.1

**COMPLAINT ¶87:**

The status of "Charge-Off" in the consumer credit reporting industry means that a debt may still be owed, especially as here, the tradelines do not include bankruptcy coding such as included in and/or discharged in bankruptcy, or the tradeline indicates there is a balance and/or past due balance owed on the account before or after the "Charge-Off."

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶88:**

The national consumer reporting agencies specifically acknowledge that a "Charge-Off" generally means consumers are still legally responsible for paying the debt.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶89:**

According to Equifax, a charge-off means the lender has written the account off as a loss and the account is closed to future charges, the time frame is generally between 120 and 180 days after the consumer became delinquent, and a charge-off does not mean that the consumer no longer owes the debt; the consumer is still legally obligated to pay the debt.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶90:**

Equifax inaccurately reported the Accounts as "Charge Offs" and without any indication that the Accounts were discharged in bankruptcy.

325467690v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶91:**

Additionally, Equifax inaccurately reported the Accounts with balances, instead of zero-dollar balances.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**Defendant's Unreasonable Procedures**

**COMPLAINT ¶92:**

Upon information and belief, Equifax received information from Bank of America indicating that Plaintiff's debts had been included in or discharged through bankruptcy, and/or that the accounts had zero-dollar balances following the bankruptcy discharge. Nevertheless, Equifax rejected or otherwise overrode this information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶93:**

Alternatively, Equifax knew from past experience that Bank of America has furnished inaccurate information regarding discharged debts, or have historically failed to implement reasonable procedures to ensure consumer debts are properly updated after a Chapter 7 bankruptcy.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶94:**

Additionally, upon information and belief, Lexis-Nexis also furnished information to Equifax that indicated Plaintiff had filed for bankruptcy and received a discharge, but Equifax rejected or otherwise failed to report the data it received.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325467690v.1

**COMPLAINT ¶95:**

Furthermore, public records reflecting Plaintiff's bankruptcy filing and subsequent discharge are readily available to Equifax through multiple sources such as PACER, but Equifax failed to review those sources or knowingly rejected them.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶96:**

Thus, Equifax blindly relied on the information provided by Bank of America without verifying this information against readily available public records showing Plaintiff's bankruptcy and discharge.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶97:**

Therefore, Equifax's reliance on Bank of America was unreasonable.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶98:**

Equifax inaccurately reported account statuses and/or payment histories.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶99:**

Additionally, Equifax reported that Plaintiff owed balances that Plaintiff did not actually owe.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶100:**

Defendant's reporting of the aforementioned accounts is patently false/incorrect and therefore inaccurate.

325467690v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶101:**

If not patently false/incorrect, Defendant's reporting of the aforementioned accounts is materially misleading and therefore inaccurate.

**ANSWER:**

Equifax denies the allegations in this paragraph.

### Plaintiff's Damages as a Result of Defendant's Report

**COMPLAINT ¶102:**

Upon information and belief, had Defendant accurately reported the Accounts with zero-dollar balances, Plaintiff's credit scores and/or DTI would have been better.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶103:**

Defendant's reporting of nearly $13,000 in debt that Plaintiff does not actually owe negatively increases DTI since the debt is substantially greater, but the income is unchanged.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶104:**

The false increased debt also negatively impacts the 30% of credit score which is based on the debt owed divided by credit limits, which impacts post-discharge consumers even more than those who have not filed bankruptcy.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325467690v.1

**COMPLAINT ¶105:**

On January 5, 2026, due to its inaccurate reporting, Defendant was reporting a significantly lower credit score for Plaintiff than the other national CRAs. Specifically, while Trans Union gave Plaintiff a credit score of 674, and Experian gave Plaintiff a similar score of 684, Equifax's credit score for Plaintiff was a mere 561.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶106:**

After Plaintiff's bankruptcy discharge, in or around January 2026, Plaintiff applied for auto financing with Ewing Buick Plano LP, but was denied by due to Defendant's inaccurate reporting.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶107:**

Plaintiff's inability to qualify for auto financing was especially harmful as Plaintiff, who works as a limo driver, is in need of a vehicle in order to be employed and start earning income. Currently, Plaintiff has a job offer from a driving services company, but the offer of employment is dependent on Plaintiff having his own car to operate/drive. Thus, Defendant's inaccurate reporting has been, and continues to, prevent Plaintiff from earning income.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶108:**

Defendant's inaccurate reporting of the Accounts, along with additional information belonging to Plaintiff, was published to potential creditors by Defendant during the process of Plaintiff's credit application.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶109:**

As a direct result of Defendant's inaccurate reporting, Plaintiff suffers damages, including a decreased credit score, lower overall creditworthiness, and other financial harm.

325467690v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶110:**

As a direct result of Defendant's inaccurate reporting, Plaintiff also suffers actual damages in the form of attorneys' fees incurred for a necessary review of Plaintiff's credit reports.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶111:**

Additionally, Plaintiff suffers interference with daily activities, as well as emotional distress, including, without limitation, emotional and mental anguish, loss of sleep, reputational damage, humiliation, stress, anger, frustration, shock, embarrassment, violation of Plaintiff's right to privacy, and anxiety.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**CLAIM FOR RELIEF**
**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

**COMPLAINT ¶112:**

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶113:**

The FCRA requires CRAs, like Defendant, to maintain and follow reasonable procedures to assure maximum possible accuracy of consumer information. 15 U.S.C. § 1681e(b).

325467690v.1

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶114:**

Defendant negligently and/or willfully violated 15 U.S.C. § 1681e(b) by failing to use reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information pertaining to pre-bankruptcy debts after the consumer, Plaintiff, received a Discharge Order.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶115:**

Defendant knows or should have known that the effect of a Discharge Order in a no asset Chapter 7 Bankruptcy is to discharge all statutorily dischargeable debts other than those that have been reaffirmed in a reaffirmation agreement or successfully challenged in an adversary proceeding. Defendant knows or should have known of its obligations under the FCRA, especially pertaining to reporting discharged debt with a zero-dollar balance.

**ANSWER:**

Equifax states that this paragraph contains legal conclusions not subject to admission or denial. If further response is required, Equifax states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COMPLAINT ¶116:**

These obligations are well established by the plain language of the FCRA, as promulgated by the Federal Trade Commission, detailed in case law, and evidenced in prior cases involving Defendant from which Defendant is on notice of its unreasonable procedures concerning the reporting of discharged debts.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶117:**

Additionally, Defendant possesses or can easily obtain substantial written materials that detail CRA's duties and obligations under the FCRA, including those that apply when consumers file for Chapter 7 Bankruptcy.

**ANSWER:**

Equifax states that its obligations are governed by the FCRA, which speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA, the allegations in this paragraph are denied.

**COMPLAINT ¶118:**

Despite knowledge of these legal obligations, Defendant willfully and consciously breached its known duties and deprived Plaintiff of his rights under the FCRA.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶119:**

Defendant knows that discharged debts should not be reported as late, past due, or with outstanding balances after the discharge date, and should be reported with a zero-dollar balance.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325467690v.1

**COMPLAINT ¶120:**

In this case, Defendant regularly conducts voluntary public records searches with the intention of including bankruptcy information on the consumer report it sells to other parties for a profit.

**ANSWER:**

Equifax admits that, at times, it obtains public record information and that, at times, such information is included in consumer reports. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶121:**

Defendant received notice of Plaintiff's bankruptcy and discharge through public records, independent collection of consumer information directly obtained by Defendant through sources of consumer information such as Lexis-Nexis, Defendant's own files, and information provided by data furnishers, yet Defendant rejected the information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶122:**

Specifically, Defendant knew or should have known about Plaintiff's bankruptcy filing and discharge and failed to include that information in Plaintiff's consumer disclosure and in consumer reports published to third parties.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶123:**

When Defendant received notice of Plaintiff's bankruptcy information, it had an obligation to ensure it reported Plaintiff's discharge and its effects with maximal accuracy.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes,

325467690v.1

misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶124:**

Defendant received notice of Plaintiff's bankruptcy discharge through public records, its own files, and information provided by data furnishers, yet Defendant failed to report Plaintiff's bankruptcy information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶125:**

As a result, Defendant failed to report Plaintiff's bankruptcy information, and reported the Accounts with statuses other than "discharged in bankruptcy."

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶126:**

Additionally, Equifax inaccurately reported the Accounts, which each pre-dated Plaintiff's bankruptcy, with balances instead of zero-dollar balances.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶127:**

Defendant's violations of 15 U.S.C. § 1681e(b) were willful.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶128:**

Alternatively, Defendant's violations of 15 U.S.C. § 1681e(b) were negligent.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325467690v.1

**COMPLAINT ¶129:**

Defendant's inaccurate reporting damaged Plaintiff's creditworthiness.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶130:**

Plaintiff suffers actual damages, including the above-referenced economic damages, a decreased credit score, loss of credit opportunities, credit denial, and other financial harm caused by Defendant inaccurately reporting a balance for a debt that was discharged in bankruptcy, and otherwise failing to report that the debt was discharged in bankruptcy.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶131:**

Plaintiff also suffers interference with daily activities caused by other harm including, but not limited to, emotional distress, mental anguish, humiliation, stress, anger, frustration, shock, embarrassment, and anxiety.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶132:**

Defendant is a direct and proximate cause of Plaintiff's damages.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶133:**

Defendant is a substantial factor in Plaintiff's damages.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶134:**

Therefore, Defendant is liable for actual and statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief permitted by 15 U.S.C. § 1681, *et seq.*

325467690v.1

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i.      Declaratory judgment that Defendant violated the FCRA, 15 U.S.C. § 1681e(b);

ii.     An award of actual, statutory, and punitive damages as provided by the FCRA;

iii.    Awarding costs and reasonable attorneys' fees pursuant to FCRA 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and

iv.     Granting further relief, in law or equity, as this Court may deem appropriate and just.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

325467690v.1

## **FIRST DEFENSE**

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against it. Equifax is neither incorporated nor headquartered in Texas, and the conduct giving rise to Plaintiff's claim occurred outside of Texas and was not targeted at Texas.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)     it be dismissed as a party to this action; and

(3)     it recover such other and additional relief as the Court deems just and appropriate.

DATED:  May 27, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By:  _/s/ Liliana V. Sánchez_
        Liliana V. Sánchez, Bar No. 24104362
        lvsanchez@seyfarth.com
        SEYFARTH SHAW LLP
        2323 Ross Avenue, Suite 1660
        Dallas, Texas  75201
        Telephone:  (469) 608-6758

_Counsel for Defendant_
_Equifax Information Services LLC_

325467690v.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


_/s/ Liliana V. Sánchez_

Liliana V. Sánchez
*Counsel for Defendant*
*Equifax Information Services LLC*

325467690v.1